Filed 4/1/16  In re M.M. CA4/3l

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re M.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>M.M.,<br><br>    Defendant and Appellant. | G052059<br><br>(Super. Ct. No. DL049849)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Cheryl L. Leininger, Judge.  Reversed and remanded.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

THE COURT: [*]

Minor appellant M.M. (minor) appeals an order on the grounds that the court should have sealed all records pertaining to a dismissed juvenile delinquency petition, even those pertaining to minor's arrest not in the possession of the court. Minor also asserts the court should have deemed his arrest never to have occurred. The Attorney General concedes minor is entitled to relief. Effective January 1, 2016 (Stats. 2015, ch. 375, § 1.5), Welfare and Institutions Code section 786 was amended to provide that in circumstances like those presented by minor's dismissed case, "[t]he court shall order sealed all records pertaining to [a] dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a).) The current version of the statute also states, "[u]pon the court's order of dismissal of the petition, the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to any inquiry by employers, educational institutions, or other persons or entities regarding the arrest and proceedings in the case." (§ 786, subd. (b).) Minor is entitled to the benefit of this new law, even though it became effective after the order was entered. (*In re Estrada* (1965) 63 Cal.2d 740, 744-748.)

The order is reversed insofar as it did not order sealed all records pertaining to the petition that are in the custody of law enforcement agencies, the probation department, and the Department of Justice, and insofar as the court refused to deem minor's arrest not to have occurred. The matter is remanded to the juvenile court to enter a new and different order consistent with Welfare and Institutions Code section 786 as amended.

---

[*] Before Rylaarsdam, Acting P. J., Aronson, J., and Ikola, J.

2